1

2

3                              UNITED STATES DISTRICT COURT

4                             NORTHERN DISTRICT OF CALIFORNIA

5

6    RODRIC P. STANLEY,                         Case No. 23-cv-00798-JD

7                Plaintiff,

8         v.                                    **ORDER REOPENING CASE; STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE**

9    CHRISTOPHER KIDD,

10               Defendant.

11

12        Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The

13   original complaint was dismissed with leave to amend, and the case was dismissed without

14   prejudice when plaintiff failed to file an amended complaint. Plaintiff has filed an amended

15   complaint and seeks to reopen the case.

16                                      **DISCUSSION**

17        **STANDARD OF REVIEW**

18        Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

20   § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims

21   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22   monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se

23   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24   Cir. 1990).

25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

27   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

28   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

United States District Court
Northern District of California

1   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above

2   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4   face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"

5   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

7   should assume their veracity and then determine whether they plausibly give rise to an entitlement

8   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

12          **LEGAL CLAIMS**

13          Plaintiff alleges that his phone was illegally searched during his arrest.  He seeks money

14   damages from the detective who was involved.  To recover damages for an allegedly

15   unconstitutional conviction or imprisonment, or for other harm caused by actions whose

16   unlawfulness would render a conviction or sentence invalid under § 1983, a plaintiff must prove

17   that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

18   declared invalid by a state tribunal authorized to make such determination, or called into question

19   by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-

20   487 (1994).  Consequently, such a claim for damages, that is, one bearing such a relationship to a

21   conviction or sentence that has not been so invalidated, is not cognizable under § 1983.  *Id*. at 487.

22          In a different context, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the

23   "*Heck* rule for deferred accrual [of the statute of limitations] is called into play only when there

24   exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding

25   criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87).  The *Heck* rule delays

26   accrual of the limitations period only if there is an existing conviction on the date the statute of

27   limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is

28   when the plaintiff's confinement is no longer without legal process, but rather becomes a

United States District Court
Northern District of California

confinement pursuant to legal process, for example, when he or she is bound over by a judge or

arraigned on charges. *Id*. at 389-90. Although the court was considering only when the statute of

limitations began running on a false arrest or false imprisonment claim, the discussion quoted

suggests that *Heck* does not apply if there is no extant conviction – for instance, if a plaintiff has

only been arrested or charged.

If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other

claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is

within the power of the district court, and accords with common practice, to stay the civil action

until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff

is thereafter convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires

dismissal; otherwise, the case may proceed. *Id*. at 394.

Section 1983 does not contain its own limitations period. The appropriate period is that of

the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S.

261, 276 (1985*), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley &*

*Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In

California, the general residual statute of limitations for personal injury actions is the two-year

period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983

actions.[1] *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

Plaintiff states that he was arrested, and his phone was illegally searched on September 25,

2018, by the defendant detective. Plaintiff is in custody awaiting trial for this this search and

arrest. Plaintiff cannot obtain money damages unless the charges are dismissed, or the criminal

case concludes with a finding of not guilty. The case is stayed pending the outcome of the

criminal proceeding. If plaintiff is found not guilty or the charges are dismissed, he still must

address the statute of limitations issue because this case was filed more than four years after the

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls
the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under
the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a).
The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the
cause of action for a maximum of two years. *See id*.

United States District Court
Northern District of California

search.

## CONCLUSION

The request to reopen and amend is granted and the case is reopened.  For the foregoing reasons, this action is stayed and administratively closed.  Within twenty-eight (28) days of the date on which he is acquitted, convicted, or charges are dismissed, plaintiff must file a motion to lift the stay.  If plaintiff is convicted and if the claim would impugn that conviction, the action will be dismissed; otherwise, his claim may then proceed.  In light of the stay, plaintiff should not file any more documents in this action until the criminal proceedings have concluded.  The Clerk is requested to administratively close the case.

**IT IS SO ORDERED.**

Dated: August 14, 2023

JAMES DONATO
United States District Judge